IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GILBERT RANGEL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:16-CV-267-Z |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner GILBERT RANGEL has filed with this Court a *Petition for a Writ of Habeas Corpus by a Person in State Custody* challenging the constitutionality of a state prison disciplinary proceeding. At the time he filed his habeas application, petitioner was incarcerated at the Jordan Unit in Gray County, Texas. The undersigned United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.

I.
DISCIPLINARY CHARGE AND PROCEEDINGS

On September 20, 2016, prison officials conducted a "Safe Prisons Investigation" search of petitioner's prison cell resulting in the confiscation of numerous items. As a result, petitioner was charged with the offense of possession of contraband, a Level 2, Code 16.0 violation of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID")

*Disciplinary Rules and Procedures for Offenders* (February 2015).[1]  [ECF 9-2 at 4].  Specifically, the Offense Report alleged the September 20, 2016 search of petitioner's cell revealed petitioner possessed the following items deemed to be contraband:

– seven (7) magazines              – one (1) fruit stick

– twenty-nine (29) pictures         – eleven (11) envelopes

– one (1) bottle of genteel soap

[*Id.*].  As the bases for deeming the confiscated items contraband, the charging officer explained:

> [A]fter review of said offender[']s commissary receipts for the last 60 days it shows the offender has not purchased a fruit stick and has had plenty of time to put his name and number [o]n the envelopes.  In addition the 7 magazines, 29 pictures, and bottle of genteel soap are not the offender[']s.

[*Id.*].  A second officer provided a witness statement relating, "[W]hile assisting with cell searches of said offender[']s property for an ongoing safe prisons investigation I did witness [the charging officer] find multiple contraband items inside the offender's cell."  [*Id.* at 6].  The grading official classified the alleged offense as a "major" disciplinary offense.

---

[1] As possibly relevant here, at the time petitioner was charged, Code 16.0, Possession of contraband, provided:

> For the purpose of these rules, contraband is:
>
> a. Any item not allowed when the offender arrived at the TDCJ, not given or assigned to an offender by the TDCJ, and not bought by an offender for their use from the commissary;
>
> b. Any item changed from its original condition if the change jeopardizes institutional safety or security;
>
> c. . . .
>
> d. Any item possessed in excess of the amounts authorized;
>
> e. Any item received or sent through the mail that is not approved in accordance with the TDCJ or facility correspondence rules.
>
> f. Anything an offender is not supposed to have, including but not limited to:
>
>    . . .
>
>    (3) Books, magazines, or newspapers that are not approved for an offender to have. . . .

On September 21, 2016, petitioner was officially notified of the possession of contraband charge against him, plead not guilty, and indicated he wanted to attend the disciplinary hearing. Case No. 20170023124. [*Id.* at 3]. During counsel substitute's investigation of the charged offense, petitioner stated, "Some of it[']s mine [and] some of it[']s not." [*Id.* at 8]. Counsel substitute also indicated no documentary evidence was requested for the hearing. [*Id.*]

On September 22, 2016, a Disciplinary Hearing Officer ("DHO") conducted a disciplinary hearing on the alleged charge. At the hearing, petitioner presented a statement from his cellmate wherein the cellmate averred the confiscated fruit stick belonged to him. [*Id.* at 13]. Commissary Purchase Receipts were also made a part of the record and reflected petitioner purchased fifteen (15) envelopes from July 25, 2016 through August 26, 2016. [*Id.* at 16, 23-24].

At the hearing, petitioner made an oral statement wherein he averred he purchased the envelopes and the bottle of soap from the commissary, acknowledged the 11 envelopes, the 29 pictures and some of the 7 magazines belonged to him, and conceded that he did not have his inmate number on any of them. Petitioner also acknowledged altering the bottle of soap by mixing it with another in order to clean up his cell. [ECF 10, Disciplinary Hearing CD].[2]

The DHO advised petitioner that he must put his name and number on items within one (1) hour of their purchase or receipt,[3] and then stipulated that the fruit stick belonged to petitioner's cellmate. [*Id.*]. Counsel substitute then requested the DHO ask the charging officer and the witnessing officer six (6) written questions petitioner provided to the DHO. [*Id.*]. The DHO denied petitioner's request as to his first five questions either as being irrelevant or already

---

[2]The DHO stipulated at the hearing that the fruit stick belonged to petitioner's cellmate.

[3]At the time of the charged offense, Texas Department of Criminal Justice Administrative Directive 03.72 (June 3, 2015) [hereinafter AD-03.72 (rev.6)] stated, "Offenders shall write their commitment name and TDCJ number in ink in the top front left hand corner of each envelope within one hour of the time of purchase from the commissary or issuance through the Indigent Supply Program." [ECF 15-1 at 13] (Section IV.C.2. "Marking Personal Property").

answered. Petitioner's sixth question asked: "[A]re there pictures for the things taken from [petitioner's] cell? Where are they[?]" [ECF 9-2 at 12]. The DHO denied petitioner's request to ask this question, explaining officers are "not required to take photographs if the contraband can be adequately described." [ECF 10, Disciplinary Hearing CD].

The charging officer testified at the hearing by telephone that the Offense Report he submitted was correct. The officer testified he was given information prompting the September 20, 2016 search of petitioner's cell, and that upon conducting the search he found the items listed in the Offense Report that formed the basis for the possession of contraband charge against petitioner. [*Id.*]. The charging officer testified that the envelopes, magazines, and pictures found in petitioner's cell did not have petitioner's name or inmate number written on them. [*Id.*]. In response to a direct inquiry from the DHO, the officer testified that the pictures found in petitioner's cell were not of family members and depicted women in lingerie. [*Id.*].

Following the charging officer's testimony, the DHO offered petitioner an opportunity to question the charging officer but he declined. [*Id.*]. Petitioner's counsel substitute then objected to the DHO declining to ask the charging officer the six (6) questions presented by petitioner and requested leniency in assessing petitioner's punishment. Petitioner was also allowed to make an additional statement wherein he apologized for not writing his name and inmate number on the items and requested leniency from the DHO because he had already been approved for release to parole. At no point during the hearing did petitioner or counsel substitute request the physical evidence taken from his cell be presented.

At the conclusion of the hearing, the DHO found petitioner guilty of the charged possession of contraband disciplinary offense based on the charging officer's Offense Report and hearing testimony. The DHO then assessed petitioner punishment that included the forfeiture of thirty (30) days previously accrued good time credit and stated "due to the seriousness of the offense, offender

will not possess contraband."[4]  [ECF 9-2 at 3].

Petitioner timely filed a Step 1 grievance arguing the disciplinary finding of guilt was improper because:

1. The items taken from his cell:

   a. did not constitute contraband; and

   b. were not physically presented at the hearing, contrary to Rule VI.B.1. of the TDCJ-CID *Disciplinary Rules and Procedures for Offenders*;

2. Petitioner was denied due process when the DHO refused to ask the charging officer the six (6) written questions supplied by petitioner at the hearing; and

3. Petitioner was denied due process when the DHO failed to present, at the hearing, the physical evidence taken from petitioner's cell because such evidence was material exculpatory evidence.

[ECF 9-1 at 3-4]. On October 6, 2016, the unit warden denied petitioner's Step 1 grievance with the following response:

> A review of disciplinary case number 20170023124 has been completed. There was sufficient evidence presented to sustain the charge and finding of guilt. Records indicate that the hearing was conducted per policy and there were no due process or procedural errors noted. The punishment assessed was within agency guidelines for this offense. No further action is warranted by this office.

[*Id.* at 4].

Petitioner also filed a timely Step 2 grievance challenging the disciplinary ruling arguing:

1. Petitioner was denied due process when the DHO failed to present, at the hearing, the physical evidence taken from petitioner's cell because such evidence was material exculpatory evidence;

2. The DHO erred by relying on a second-hand description of the items taken from petitioner's cell rather requiring presentation of the actual physical evidence; and

3. The DHO violated TDCJ-CID Rule VI.B.1. by failing to present at the hearing the items – or photos of the items – taken from petitioner's cell.

---

[4]Other punishment with which petitioner was assessed – loss of recreation, commissary, and telephone service privileges – constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478 (1995); *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997).

[*Id*. at 5-6]. On November 3, 2016, petitioner's Step 2 grievance was denied with the following response:

> Major Disciplinary Case #20170023124 has been reviewed. The disciplinary charge was appropriate for the offense and the guilty verdict was supported by a preponderance of the evidence. All due process requirements were satisfied and the punishment assessed by the Disciplinary Hearing Officer was within agency guidelines. The denial and justification for the denial were appropriately documented on the I-47MA. No further action is warranted in this matter.

[*Id.* at 6].

On November 29, 2016, petitioner purportedly placed the instant habeas petition challenging the disciplinary proceeding decision in the prison mailing system, such application being received by the Court and file marked on December 19, 2016. [ECF 3]. On March 13, 2017, respondent filed an *Answer* arguing petitioner's habeas application is without merit. [ECF 7]. On April 14, 2017, petitioner filed a reply arguing the merits of his original petition. [ECF 11]. On January 10, 2019, in response to an Order of the Court, respondent filed a supplemental answer [ECF 15], to which petitioner filed a reply on February 1, 2019. [ECF 16].

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated as a result of the disciplinary decision as follows:

> Petitioner was denied due process because the confiscated items alleged to be contraband, or photos documenting such items, were not presented at the disciplinary hearing.

Petitioner contends this failure to present the items, or photos thereof, at the hearing deprived him of an opportunity to present a defense to the possession of contraband charge, *viz*., by preventing him the opportunity to show the items were not, in fact, contraband so as to prove his actual innocence of the charge. Petitioner goes a step further, arguing the confiscated items themselves

constituted material exculpatory evidence, the withholding of which violated his right to due process at the disciplinary hearing. Petitioner further contends TDCJ-CID's failure to present the physical evidence, or photo thereof, at the disciplinary hearing was in violation of TDCJ-CID policy,[5] and also contends TDCJ-CID destroyed the confiscated property during the pendency of the disciplinary appeals process in violation of TDCJ-CID policy. Finally, petitioner contends he was harmed or otherwise prejudiced by these denials of due process by the forfeiture of his previously accrued good time, the cancellation of his Parole Review Process that was ongoing at the time of the disciplinary ruling, as well as by the loss of the items which were improperly destroyed as they were not prohibited contraband. [ECF 3 at 6-7].

### III.
### STANDARD OF REVIEW

Although petitioner does not directly assert an insufficiency of the evidence claim, petitioner does assert that, but for certain due process violations, he would not have been found guilty of the charged disciplinary offense due to the absence of inculpatory evidence. Moreover, in his replies, petitioner repeatedly asserts the items he possessed were not contraband. Consequently, petitioner's allegations incorporate a sufficiency of the evidence component. As noted by respondent, however, federal habeas review of the sufficiency of the evidence to support a prison disciplinary ruling is extremely limited. Disciplinary determinations "will not be disturbed unless they are arbitrary and capricious." *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Due process requires only that there be "some evidence" in the record to support a prison disciplinary decision, and prison disciplinary decisions are overturned only where no

---

[5] At the time of his hearing, Rule VI.B.1. of the TDCJ-CID *Disciplinary Rules and Procedures for Offenders* provided that "[i]f one or more of the charges [in a major disciplinary hearing] involves possession of contraband . . . , the items of contraband shall be produced at the hearing if the existence or nature of the item(s) cannot be satisfactorily established by other means. . . . Any contraband items that are excluded from the hearing shall be photographed or photocopied, and this evidence shall be produced at the hearing, if the production of the items at the hearing is required . . . ."

evidence in the record supports the decision. *Broussard v. Johnson*, 253 F.3d 874, 876-77 (5th Cir. 2001). Consequently, this Court does not conduct a *de novo* review of the disciplinary proceedings; rather, this Court's role on review is only to "examine if the guilty finding has the 'support of some facts' or 'any evidence at all.'" *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001).

## IV.
## MERITS

As noted above, petitioner acknowledged, at the hearing, that all of the items collected from his cell as purported contraband belonged to him and were, in fact, in his possession. Petitioner argues, however, that each of the items did not constitute contraband under the prison regulations and directives. The substance of petitioner's due process violation complaint is that he was denied his right to present a defense and/or was denied exculpatory evidence that would have proven his innocence of the charged disciplinary offense because the items, or a photo thereof, were not presented at the disciplinary hearing.

The undersigned initially addresses each category of confiscated items below and the sufficiency of the evidence to support the disciplinary ruling as to each:

<u>Seven (7) magazines</u> – The Offense Report did not clearly specify why the charging officer believed the magazines found in petitioner's locker constituted contraband; however, the report appears to indicate he considered the magazines to be contraband because they did not belong to petitioner. During his hearing testimony, however, the charging officer referenced the fact that the magazines did not have petitioner's name and inmate number inscribed on them. In his statement at the hearing, petitioner acknowledged the magazines belonged to him and were in his possession, but that he did not have his name and inmate number inscribed on them.

In her Supplemental Brief, respondent concedes that she "is unaware of any rule, regulation

and/or policy requiring an inmate to place his name and TDCJ number on a magazine." [ECF 15 at 4]. Moreover, the Authorized Offender Property schedule attached to respondent's Supplemental Brief [PROP-01 (04/15)] provides that an inmate is allowed to possess any amount of magazines if stored properly. [ECF 15-1 at 30]. Neither the Offense Report or the charging officer's hearing testimony indicates the magazines were stored improperly, or that possession of said magazines was otherwise prohibited by another regulation or directive. Without a proper basis demonstrating the magazines constituted contraband, the undersigned finds the DHO's guilty finding with regard to the magazines is not supported by the evidence. Having made this finding, it is unnecessary for the Court to address whether the absence of the actual magazines, or a photo thereof, at the hearing deprived petitioner of the opportunity to present a defense to the charges, constituted an improper withholding of material exculpatory evidence, or otherwise violated petitioner's due process rights.

Twenty-nine (29) pictures – The Offense Report did not clearly specify why the charging officer believed the pictures found in petitioner's locker constituted contraband; nevertheless the report appears to indicate he considered the pictures to be contraband because they did not belong to petitioner. During his hearing testimony, however, the charging officer referenced the fact that the pictures did not have petitioner's name and inmate number inscribed on them. In his statement at the hearing, petitioner acknowledged the pictures belonged to him and were in his possession, but that he did not have his name and inmate number inscribed on them. Only in response to questioning by the DHO did the officer advise the pictures were of women in lingerie and opine that the pictures were not of petitioner's "family." The charging officer did not further elaborate as to the precise content of the pictures, nor did he opine that the pictures qualified as sexually

explicit images.[6]

In her Supplemental Brief, respondent concedes that she "is unaware of any rule, regulation and/or policy requiring an inmate to place his name and TDCJ number on . . . a photograph." Moreover, the Authorized Offender Property schedule attached to respondent's Supplemental Brief [PROP-01 (04/15)] provides that an inmate is allowed to possess any amount of photographs if stored properly. [ECF 15-1 at 30]. Neither the Offense Report or the charging officer's hearing testimony indicates the pictures were stored improperly or that petitioner was displaying more than one (1) picture on his shelf.

The undersigned does not find persuasive any argument that the DHO's finding of guilt that the pictures were contraband was adequately supported by the evidence on the basis that they were sexually explicit images prohibited by prison directives based simply on the charging officer's hearing testimony, when prompted by the DHO, that the pictures were not of petitioner's family and were of women in lingerie. Petitioner was not charged with possession of contraband in the form of sexually explicit images, nor did the offense report or the notification of the charges provided to petitioner indicate in any way that the officer considered the pictures contraband because of their prohibited content. Moreover, the charging officer's hearing testimony and description of the pictures did not affirmatively establish the pictures constituted sexually explicit images so as to qualify as contraband. If petitioner had been charged on such a subjective basis, then that evidence should have been documented. However, even if relying on the charging officer's description to establish the nature of the item, that testimony should at least meet the definition of sexually explicit images.

---

[6]At the time of the charged offense, Texas Department of Criminal Justice Administrative Directive 03.72 (June 3, 2015) stated a "sexually explicit image" refers to "material in publications, photographs, drawings, or any type of image, which depicts sexual behavior and is intended to cause sexual excitement or arousal by showing front nudity of either gender, including the exposed female breast(s) with nipple(s) or areola(s), the genitalia or anus of either gender, or depicts sexual behavior from any vantage point. [ECF 15-1 at 5] ("DEFINITIONS").

Neither the Offense Report or the charging officer's hearing testimony indicate that possession of said pictures was otherwise prohibited by another regulation or directive. Without a proper basis demonstrating the pictures constituted contraband, the undersigned finds the DHO's guilty finding with regard to the pictures is not supported by the evidence. Having made this finding, it is unnecessary for the Court to address whether the absence of the actual pictures, or a photo thereof, at the hearing deprived petitioner of the opportunity to present a defense to the charges, constituted an improper withholding of material exculpatory evidence, or otherwise violated petitioner's due process rights.

<u>One (1) bottle of genteel soap</u> – Petitioner admitted he was in possession of the bottle of liquid soap and that he had altered the soap by mixing the remainder with another bottle. At the time he was charged with the instant disciplinary offense, the Level 2, Code 16.0 Possession of contraband provision stated, as relevant to this item, that "contraband is . . . [a]ny item changed from its original condition if the change jeopardizes institutional safety or security." [ECF 7-2 at 3]. Also at the time he was charged with the instant offense, AD-03.72 (rev. 6) defined contraband, as relevant to this item, as "authorized property which has been altered." [ECF 15-1 at 3]. Categorizing generic "altered" authorized property as "non-dangerous," AD-03.72 (rev. 6) further defined the sub-group as contraband that "[r]epresents a threat to the management of the unit, possession of which violates TDCJ rules." The undersigned acknowledges prison officials must be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order. *McCord v. Maggio*, 910 F.2d 1248 (5th Cir. 1990). However, under the Code 16.0 provision, and considering the definitions set forth in AD-03.72 (rev. 6), it is questionable whether the DHO's guilty finding of possession of contraband for the altered bottle of liquid soap is supported by some evidence. However, as the last category of confiscated items discussed below justifies the DHO's finding of guilt for the Code 16.0 possession

of contraband offense, it is not necessary to further address this item.

<u>Eleven (11) envelopes</u> – Petitioner conceded at the hearing not only that he was in possession of the envelopes, but that the envelopes did not have his name and inmate number written on them. Moreover, the charging officer's Offense Report and disciplinary hearing testimony confirmed that petitioner was in possession of envelopes without his name and inmate number inscribed on them. As noted above, the prison directive in effect at the time petitioner was charged with the possession of contraband offense required that inmates "write their commitment name and TDCJ number in the top left hand corner of each envelope within one hour" of obtaining envelopes. Without petitioner's name and inmate number inscribed on the envelopes, such items constituted contraband. Consequently, petitioner's possession of the envelopes constituted a disciplinary offense.

Petitioner's express admissions and the charging officer's Offense Report and testimony as to the envelopes constituted sufficient evidence to support the DHO's disciplinary ruling that petitioner was guilty of the Level 2, Code 16.0 disciplinary offense of possession of contraband. The undersigned further finds the level of punishment assessed for said disciplinary offense was within the applicable range for such offense. Moreover, considering his admissions, petitioner has not demonstrated he was deprived of the opportunity to present a valid defense to the possession of contraband charge for the envelopes. Similarly, the absence of said items at the disciplinary hearing did not constitute a denial of favorable or exculpatory evidence to petitioner.

In addition, to the extent petitioner contends TDCJ-CID's failure to present the actual envelopes, or a photo thereof, at the disciplinary hearing was in violation of TDCJ-CID policy, such violation would not constitute a constitutional due process violation necessary for federal habeas corpus relief. TDCJ's violation of its own internal policies and procedures does not raise constitutional issues necessary to assert a cognizable ground on federal habeas corpus review. *See*

*Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986); *Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986). Similarly, petitioner's unsupported contention that TDCJ-CID destroyed the confiscated property during the pendency of the disciplinary appeals process in violation of TDCJ-CID policy, even if shown to be true, does not amount to a constitutional due process violation as required for federal habeas corpus relief.

While the undersigned finds there was not sufficient evidence to support the DHO's finding of guilt as to certain items alleged to be contraband, the ultimate finding that petitioner was guilty of the disciplinary offense of possession of contraband with regard to the envelopes in his possession was supported by sufficient evidence. Whether the DHO would have assessed petitioner a lesser punishment based on the possession of only this singular item of contraband, or whether the grading official would have classified the offense differently if petitioner had been appropriately charged, should be a valid concern for respondent. However, on the record as it stands before the Court, petitioner has failed to show a federal constitutional deprivation as a result of the disciplinary ruling. Accordingly, petitioner's application for federal habeas corpus relief should be denied.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the *Petition for a Writ of Habeas Corpus by a Person in State Custody* filed by petitioner GILBERT RANGEL be DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions,

and Recommendation to each party by the most efficient means available.

    IT IS SO RECOMMENDED.

    ENTERED January 10, 2020.

*[signature]*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

    Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). *Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed* as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

    Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).